UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLOBAL BROTHER SRL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MESSIAH JOHNSON, and DOES 1-10, )<br>)<br>Defendants. ) | Case No. CIV-25-335-R |

## ORDER

Before the Court is Plaintiff Global Brother SRL's Motion for Default Final Judgment Against Defendant Messiah Johnson [Doc. No. 21] pursuant to Federal Rule of Civil Procedure 55(b)(2). The Clerk entered default against Defendant Messiah Johnson on November 6, 2025 [Doc. No. 19]. In a previous Order [Doc. No. 24], the Court found (1) that it had subject-matter jurisdiction over the action and personal jurisdiction over the Defendant, (2) venue was proper in this District, and (3) the well-pleaded allegations of the Complaint were deemed admitted as to liability. The Court found, however, that the record was inadequate with respect to Plaintiff's request for $30,000 worth of statutory damages under 17 U.S.C. § 504(c). The Court declined to grant Plaintiff's request for statutory damages and other relief, instead ordering Plaintiff to file a Supplemental Brief clarifying the basis for its request for statutory damages. Plaintiff did so [Doc. No. 25]. Now, having reviewed the Motion, the record, the evidence submitted, and Plaintiff's Supplemental Brief, the Court finds that default judgment is warranted.

Plaintiff has elected statutory damages under 17 U.S.C. § 504(c), which provides that "the copyright owner may elect to recover 'an award of statutory damages for all infringements involved in the action' 'in a sum of not less than $750 or more than $30,000 as the court considers just.'" *Joe Hand Promotions, Inc. v. Majors LLC*, No. CIV-22-945-G, 2024 WL 3627783, at *3 (W.D. Okla. Aug. 1, 2024) (quoting 17 U.S.C. § 504(c)(1)). In its Supplemental Brief, Plaintiff more fully sets out the bases for its requests for relief and illustrates that $30,000 is a conservative and just award under § 504(c):

> Defendant's unauthorized sales directly competed with Plaintiff's legitimate U.S. distribution and diverted sales from Plaintiff at comparable retail price points. As to an estimated Scope of Infringing Activity: Plaintiff's investigation revealed that Defendant offered the infringing book for sale at approximately $37 per unit. The product listing displayed "853 reviews." (Am. Compl. ¶ 16). While reviews do not equate directly to confirmed sales, they are commonly understood to represent a subset of purchasers. Plaintiff acknowledges that the precise review-to-sale ratio cannot be definitively established without Defendant's records, which remain unavailable due to default.
>
> Even assuming conservatively that reviews represent 10% of total purchasers, 853 reviews would suggest approximately 8,500 sales. At $37 per unit, gross revenue would exceed $314,500. Plaintiff does not ask the Court to adopt any specific review-to-sale ratio. Rather, even under significantly higher review-to-sale ratios (e.g., one review per four purchasers), 853 reviews would still indicate more than 3,400 sales and gross revenues exceeding $125,000. Plaintiff presents this estimate as a conservative illustration rather than a definitive calculation. The uncertainty arises solely from Defendant's refusal to participate in this litigation and produce financial records. The publicly displayed review count and pricing therefore serve as circumstantial evidence that the infringement was commercially meaningful and not de minimis.

Doc. No. 25 at pp. 4-5. Plaintiff represents that an award of $30,000 reflects restraint despite Plaintiff's allegations of the willfulness of Defendant's conduct, ensures infringement is not profitable, and serves the statutory deterrent purpose. The Court is

accordingly satisfied that the record adequately reflects the basis for the award and that Plaintiff's request is reasonable and justified. *See DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009). It is therefore ordered that Plaintiff is awarded statutory damages against Defendant Messiah Johnson in the amount of $30,000.00, plus post-judgment interest as allowed by law.

Plaintiff also seeks a permanent injunction. Courts may grant temporary or final injunctions under the Copyright Act "on such terms as [courts] may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The Court finds the standard for a permanent injunction has been met.[1] Pursuant to 17 U.S.C. § 502(a) and Federal Rule of Civil Procedure 65, injunctive relief is appropriate to prevent further infringement. It is therefore ordered that Defendant Messiah Johnson is permanently enjoined from:

(1) Reproducing, distributing, marketing, advertising, offering for sale, selling, or displaying any unauthorized copies of the copyrighted works Plaintiff listed in the Amended Complaint;

(2) Creating, publishing, or maintaining any listings or online sales pages offering unauthorized copies of the copyrighted works Plaintiff listed in the Amended Complaint; and

(3) Assisting, enabling, directing, or inducing any third party to engage in any of the foregoing acts.

---

[1] "[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Additionally, pursuant to 17 U.S.C. § 503(b), Defendant shall, within 14 days of service of this Judgment, destroy or deliver to Plaintiff's counsel for destruction all unauthorized copies of the copyrighted works Plaintiff listed in the Amended Complaint that are in Defendant's possession, custody, or control, including physical inventory and any infringing packaging, marketing materials, or promotional materials. Defendant shall file a written certification of compliance with this Judgment within fourteen (14) days of service, confirming the destruction or delivery for destruction of all such infringing materials.

Section 505 of the Copyright Act states that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. Plaintiff's request for costs is adequately supported and hereby granted. Plaintiff is awarded its taxable costs incurred in this action, which shall be determined upon submission of a bill of costs in accordance with Local Civil Rule 54.1.

All remaining claims against Defendant Messiah Johnson other than Count I and the claims against Does 1-10 are DISMISSED WITHOUT PREJUDICE.

Accordingly, Plaintiff's Motion for Default Final Judgment Against Defendant Messiah Johnson [Doc. No. 21] is GRANTED. Judgment is entered in favor of Plaintiff and against Defendant Messiah Johnson on Count I (Copyright Infringement, 17 U.S.C. § 501) of the Amended Complaint. This is a final judgment under Federal Rule of Civil Procedure 54 and 58.

IT IS SO ORDERED this 9th day of March, 2026.

                                   */s/ David L. Russell*
                                   DAVID L. RUSSELL
                                   UNITED STATES DISTRICT JUDGE